UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN J. SANTANA,

                Petitioner,

v.                                        9:20-CV-0573
                                                    (TJM)

S. LOVETT,

                Respondent.

---

APPEARANCES:                                                 OF COUNSEL:

STEVEN J. SANTANA
63596-054
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. ANTIONETTE T. BACON                        CARL G. EURENIUS, ESQ.
Acting United States Attorney for the                  Ass't United States Attorney
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Steven Santana seeks federal habeas relief pursuant to 28 U.S.C. §2241.

Dkt. No. 1, Petition ("Pet."), at 1-4; Dkt. No. 1 at 5-21, Exhibits. Respondent opposes the

petition. Dkt. No. 10, Response; Dkt. No. 10-1, Exhibits ("Ex."). Petitioner did not file a reply.

### II.    BACKGROUND

The facts surrounding petitioner's underlying criminal convictions are not in dispute.

As summarized by Cheryl Magnusson, in her declaration submitted in support of the respondent's opposition, and as is relevant to the pending petition,

> Petitioner is currently serving a 240 month term of imprisonment with an 8 year term of Supervised Release to follow out of the Eastern District of Pennsylvania for Distribution of Cocaine Base (Crack), Selling a Firearm to a Convicted Felon, and Possession of a Firearm and Ammunition by a Convicted Felon, as well as a concurrent 41 month term of imprisonment with a 3 year term of Supervised Release to follow out of the Southern District of New York for Assault/Resisting a Federal Officer . . . His 20 year aggregate term of imprisonment results in a Projected Release Date, via reaching his Good Conduct Time Release Date, of July 21, 2027.

Ex. at 1, ¶ 4; *see also* Ex. at 4-8.

### III.   PRESENT PETITION

Petitioner challenges the Bureau of Prison's ("BOP") designation of petitioner as a Public Safety Factor ("PSF") Sex Offender and requests for the correction of his pre-sentence report ("PSR"), striking all references that petitioner had been convicted of sexually related offenses and conduct.  Pet. at 1-3.

"Upon receiving Petitioner's filing in this matter, the BOP initiated a subsequent review of Petitioner's prior Pennsylvania offense and disposition documented within his . . . PSR . . . This offense served as the basis for BOP's application of a PSF of sex offender."  Ex. at 2, ¶ 5.  The review "includ[ed] records from Berks County Court not previously provided [and] the BOP has in its discretion determined to remove the PSF of Sex Offender in this matter based on the disposition of those charges."  Ex. at 2, ¶ 6.

"On September 29, 2020, . . . FCI Ray Brook removed the PSF of Sex Offender from petitioner's . . . Custody Classification."  Ex. at 2, ¶ 7; *see also* Ex. at 10.

### III. DISCUSSION

"Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'" *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Accordingly, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Here, because the BOP reexamined petitioner's file and the paperwork related to his underlying criminal conviction and decided to remove the PSF of Sex Offender from his Custody Classification, petitioner has received the relief he requested. Petitioner has not raised any other grounds for habeas relief and does not contend that he is currently being held in custody in violation of the Constitution or any other federal law. Accordingly, because the relief sought can no longer be given, no live controversy remains. Thus, petitioner's claim for relief is denied as moot.

### IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner

failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[1] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: March 8, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).